UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:13-cr-0233 TLN CKD |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RUBEN GOVEA BARAJAS, | |
| Movant. | |

    Movant, a United States prisoner proceeding pro se, had filed a motion for habeas corpus relief under 28 U.S.C. § 2255.  He is serving a term of 135 months imprisonment imposed on May 8, 2014 stemming from his plea of guilty to possession with the intent to distribute methamphetamine.

    Movant argues that the trial court denied him his right to effective assistance of counsel arising under the Sixth Amendment when the court denied his request for new counsel at his sentencing hearing.  According to movant, the district court did not conduct an adequate and thorough enough inquiry into whether new counsel should have been appointed.

    The argument presented by movant is the same argument he presented to the Ninth Circuit on direct appeal.[1]  The argument was rejected by the Ninth Circuit on March 18, 2015.  ECF No.

---

[1] Movant's opening brief in Ninth Circuit case number 14-10247 was filed on September 11, 2014.

1

66. Movant did not file a petition for writ of certiorari in the United States Supreme Court concerning the judgment of the Ninth Circuit. The mandate issued from the Ninth Circuit on April 14, 2015. ECF No. 67.

A § 2255 motion may not be used as a second appeal. <u>U.S. v. Berry</u>, 624 F.3d 1031, 1038 (9th Cir. 2010). It is well established that claims brought on direct appeal cannot be reasserted in a § 2255 proceedings. <u>U.S. v. Hayes</u>, 231 F.3d 1132, 1139 (9th Cir. 2000). For these reasons, movant is not entitled to relief under 28 U.S.C. § 2255 for the claim he presents in his motion.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Movant's February 1, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-0199.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 8, 2017

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
bara0233.257

2