# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-cr-00233-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| RUBEN BARAJAS, | |
| Defendant. | |

This matter is before the Court on Defendant Ruben Barajas's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 94.) The Government filed an opposition. (ECF No. 99.) Defendant filed a reply. (ECF No. 101.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On November 21, 2013, Defendant pleaded to guilty to count two of a two-count indictment, which charged possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 23.) On May 1, 2014, the Court sentenced Defendant to a 135-month term of imprisonment. (ECF No. 47.) The Court did not impose a term of supervised release because Defendant will likely be deported upon his release. (*Id.*) Defendant is currently serving his sentence at McRae CI. His projected release date is November 24, 2022 after application of good conduct time. To date, Defendant has served 95 months of his 135-month sentence. (ECF No. 99 at 3 (citing ECF No. 99-1).)

On March 26, 2021, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 94.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 2.) Defendant notes he has served more than 60% of his sentence and is scheduled to be released on November 24, 2022, after application of good conduct time and deported to Mexico. (*Id.*) Defendant is 41 years old and claims he is at elevated risk for severe complications from COVID-19 because he suffers from multiple health issues including high cholesterol, type 2 diabetes, and hypertension. (*Id.* at 1, 7–8.)

In opposition, the Government acknowledges Defendant's type 2 diabetes and hypertension make it likely for Defendant to get severely ill from COVID-19, but maintains that Defendant's medical records show his health conditions are being monitored and treated. (ECF No. 99 at 8.) The Government notes that even assuming Defendant's health conditions meet the threshold for compassionate release, Defendant should not be released because his possession of 2,002 grams of actual methamphetamine demonstrate that he is a danger to the community and the § 3553(a) factors do not support a lower sentence as his sentence is already on the low end of the sentencing guidelines. (*Id.* at 9–11.)

**II.  ANALYSIS**

    A.  <u>Exhaustion</u>

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The

compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden in October 2020. (ECF No. 94 at 6.) The warden denied Defendant's request on November 17, 2020. (*See* ECF No. 94-2.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he suffers from high cholesterol, type 2 diabetes, and hypertension. The medical records also indicate he is being treated for type 2 diabetes, hyperlipidemia, and hypertension. The Centers for Disease Control and Prevention ("CDC") has identified several medical conditions — including diabetes and "possibly" high blood pressure — that place individuals at an increased risk of severe illness from COVID-19. *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited April 26, 2021). In addition, Defendant is housed at McRae CI, a facility which currently reports two active inmate cases of COVID-19. Bureau of Prisons, COVID-19 Coronavirus, available at https://www.bop.gov/coronavirus/ (last visited at April 27, 2021). The presence of COVID-19 in this facility puts Defendant at great and particularized risk due to his well-documented, serious, and ongoing health conditions.

For these reasons, the Court finds Defendant has met his burden to demonstrate he is subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As such, there are extraordinary and compelling reasons for Defendant's release.

    C.  Continuing Danger

To be eligible for compassionate release, Defendant must demonstrate that he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Ninth Circuit recently clarified, "[t]his dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i), but [it] is part of the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13(2)." *Aruda*, 2021 WL 1307884, at *2. The Court does not consider Defendant's dangerousness to be a relevant factor in the instant case.

The Government argues that even assuming Defendant qualified for compassionate release due to his serious illness, he is ineligible because he is a continuing danger to the community. (ECF No. 99 at 9–10.) The Government's only substantive argument is that

Defendant "was in possession of 2,002 grams of actual methamphetamine which he intended to sell to a [confidential informant]." (*Id.* at 10.) The Government also vaguely contends any argument by Defendant that his behavior in prison justifies compassionate release should be rejected because the standard "is not just whether someone has performed well in prison." (*Id.*)

Despite the Government's arguments, the Court is not persuaded that Defendant is a continuing danger to the community. The Court is convinced by Defendant's argument that he is a "one-time" nonviolent drug offender, he will be deported upon his release, his "fear of COVID-19 in U.S. jails will provide a further incentive not to reenter the [U.S.]," and even if he reenters the U.S. "the fear of being prosecuted for re-entry after deportation and the violation of supervised release has encouraged many deported aliens to avoid criminal conduct other than that related to immigration." (ECF No. 94 at 9–10; ECF No. 101 at 2.) Furthermore, the presentence report ("PSR") indicates that Defendant does not have any criminal history other than the instant crime. (*See* ECF No. 38.) The PSR's summary of the offense does not reflect the possession of weapons or crimes of violence. (*Id.* at 4–5.) Based on these considerations, the Court finds Defendant does not pose a danger to the community.

### D. Section 3553(a) Factors

Finally, the Court must consider the § 3553(a) factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds the § 3553(a) factors, specifically the need to provide Defendant with medical care in the most effective manner, weigh in favor of a time served sentence. Defendant specifically notes that his "release plan is to live in Mexico with his family" and "[s]ince Mexico has a simple universal health care system there will be no delay in obtaining treatment." (ECF No. 94 at 10.) The Court believes the approximately 95 months Defendant has spent in prison constitutes a just punishment for his criminal offenses and is sufficient to deter such conduct in the future and protect the public from further crimes. Put simply, keeping Defendant imprisoned longer would endanger Defendant's health without improving upon the purposes of sentencing.

In sum, Defendant has shown extraordinary and compelling reasons for a sentence reduction because his medical conditions put him in significant danger of suffering severe symptoms from

5

COVID-19. The Court also finds Defendant is not a danger to the community and the § 3553(a) factors support his release.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Compassionate Release. (ECF No. 94.) Accordingly, the Court modifies Defendant's sentence of imprisonment to time served. The Government shall serve a copy of this Order on the warden at McCrae CI forthwith. Defendant shall be released only after all release plans are in place.

IT IS SO ORDERED.

DATED: April 28, 2021

Troy L. Nunley
United States District Judge